UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGILIO SAMO,

                Petitioner,

-v-

SUPERINTENDENT KEYSER,

                Respondent.

No. 17-cv-5043 (RJS)
ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Petitioner Virgilio Samo ("Petitioner") moves this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 3.) Now before the Court is Judge Gorenstein's Report and Recommendation recommending that Respondent's motion to dismiss Petitioner's habeas petition be granted on the grounds that it is barred by the applicable statute of limitations. (Doc. No. 20 (the "Report and Recommendation").) For the following reasons, the Court adopts the Report and Recommendation in its entirety.

I. BACKGROUND

On July 1, 2008, following a jury trial in New York State Supreme Court, Bronx County, Petitioner was convicted of second-degree murder. (*See* Doc. No. 18.) On July 17, 2008, Petitioner was sentenced to an indeterminate term of incarceration of between twenty-five years and life. (*See, e.g.*, Doc. No. 12-2 at 7.) Petitioner subsequently appealed his conviction to the Appellate Division, First Department (*see* Doc. No. 12-2), and on June 23, 2011, Attorney Dawn M. Cardi was appointed to represent Petitioner for purposes of his appeal (*see id.* at 7.) The First Department affirmed Petitioner's conviction and sentence in an opinion dated January 6, 2015,

*see People v. Samo*, 1 N.Y.S.3d 45 (N.Y. App. Div. 2015), and, on February 17, 2015, Petitioner – through Attorney Dawn Cardi – submitted a letter to the New York State Court of Appeals seeking leave to appeal that decision. (Doc. No. 12-5.) On August 26, 2015, Associate Judge Sheila Abdus-Salaam signed an order denying Petitioner's request to appeal the First Department's decision. *People v. Samo*, 26 N.Y.3d 934 (N.Y. 2015). Petitioner's conviction therefore became final ninety days later, on November 24, 2015. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

On March 20, 2017, Petitioner – with the assistance of "inmate law clerk" William Figueroa – submitted a letter to the New York State Court of Appeals, inquiring as to the status of his request for leave to appeal the First Department's decision. (*See* Doc. No. 1 ¶ 3.) On March 29, 2017, the Court of Appeals sent a letter to Petitioner responding to his inquiry, informing him that the Court had denied his request for leave to appeal on August 26, 2015. (*Id.*, Ex. A.)

On June 26, 2017, Petitioner commenced this action by filing a letter – addressed to the Clerk of Court – requesting an extension of time to file a petition for habeas corpus relief "until September 28, 2017, or whenever this honorable court deem[s] sufficient." (Doc. No. 1.) Petitioner explained that his "appellate attorney . . . never . . . notified [him] of the Court of Appeal's denial [of his request] for leave to appeal," and noted that his "motion [was] actually all ready to file with the exception of a few minor corrections." (*Id.*) On July 28, 2017, Petitioner filed his petition for habeas corpus. (Doc. No. 3 (the "Petition").) This case was assigned to my docket on August 4, 2017, and, on August 31, 2017, the Court referred this case to Magistrate

Judge Gorenstein for a report and recommendation. (Doc. No. 8.)

On September 9, 2017, Respondent Superintendent Keyser ("Respondent") filed his motion to dismiss the Petition as barred by the application one-year statute of limitations (Doc. No. 9 (citing 28 U.S.C. § 2244(d)(1))), and the motion was fully submitted on October 26, 2017 (*see* Doc. Nos. 14, 15, 17). On April 25, 2018, Judge Gorenstein filed his Report and Recommendation recommending that the Court grant Respondent's motion to dismiss the Petition on the grounds that the Petition is time-barred. (Doc. No. 20.) Petitioner filed his objections to the Report and Recommendation on May 11, 2018, asserting that the Court should equitably toll the statute of limitations in light of his "intellectual problems and mental health conditions" and his attorney's alleged failure to inform him that the New York State Court of Appeals denied his application for leave to appeal. (Doc. No. 23.)

## II. LEGAL STANDARD

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "When no objections to a Report and Recommendation are made, the Court may adopt the Report if there is no clear error on the face of the record." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 401 (S.D.N.Y. 2010); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Borcsok v. Early*, 299 F. App'x. 76, 77 (2d Cir. 2008). But if a party "properly objects" to – that is, raises objections that are "clearly aimed at particular findings in" – the magistrate judge's report, the district court reviews those findings *de novo*. *Rodriguez v. Colvin*, No. 12-cv-3931 (RJS), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted); *see also* 28

U.S.C. § 636(b)(1)(C). Nevertheless, if the objections are improper – because they are "conclusory[,]" "general[,]" or "simply rehash or reiterate the original briefs to the magistrate judge" – the district court will review the magistrate's findings only for clear error. *Rodriguez*, 2014 WL 5038410, at *3. "Where, as here, the objecting party is proceeding *pro se*, the Court construes the objections liberally." *Wearing v. Lavalley*, No. 10-cv-8307 (JPO), 2015 WL 6738327, at *1 (S.D.N.Y. Nov. 4, 2015).

## III. DISCUSSION

In his objections to the Report and Recommendation, Petitioner simply reiterates the same arguments that he previously made in his opposition brief, sur-reply, and original request for an extension of time to file his habeas petition, all of which were considered and addressed by Judge Gorenstein. (*compare* Doc. No. 23 *with* Doc. Nos. 14, 17, 1.) That is, Petitioner again admits that he commenced this action long after the one-year statute of limitations had expired, but asserts that the Court should equitably toll the statute of limitations in light of his alleged mental deficiencies and his attorney's alleged failure to inform him that the New York State Court of Appeals had denied his application for leave to appeal. (Doc. No. 23.) Accordingly, the Court reviews Judge Gorenstein's Report and Recommendation for clear error.

After conducting a review of the record and the relevant caselaw, the Court concludes that the Report and Recommendation is not clearly erroneous. Specifically, the Court agrees with Judge Gorenstein that Petitioner's conclusory and "vague assertions of 'mental issues'" are both "belied to some degree by the record" and insufficient as a matter of law to justify equitable tolling of the statute of limitations. (Doc. No. 20 at 8.) Furthermore, the Court agrees that – even assuming Attorney Dawn Cardi failed to notify Petitioner that his request for leave to appeal the First Department's decision to the New York Court of Appeals was denied, and even

assuming that such failure could constitute an "extraordinary circumstance" – Petitioner did not act "with reasonable diligence throughout the period he seeks to toll." (Doc. No. 20 at 14 (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).) As Judge Gorenstein explained, Petitioner "was aware that his attorney had filed the leave application in February 2015," but he "never alleges . . . that he took any action to find out the disposition of the application – such as by inquiring of Cardi or of the New York Court of Appeals – until March 22, 2017, a period of more than two years." (Doc. No. 20 at 14.) The Court therefore concludes that Judge Gorenstein did not commit clear error when he determined that "it [was] reasonable to expect that [Petitioner] would make at least some effort within a year of the filing of the leave application to learn of the status of his request."[1] *See, e.g., Morton v. Ercole*, No. 08-cv-0252 (RJS), 2010 WL 890036, at *4 (S.D.N.Y. Mar. 10, 2010); *Ferguson v. Mantello*, No. 00-cv-2098 (SAS), 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000); *Melendez v. United States*, No. 04-cr-1097 (HB), 2010 WL 1790415, at *3 (S.D.N.Y. May 5, 2010); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999). Accordingly, the Court concludes that the Petition is time-barred.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Judge Gorenstein's Report and Recommendation, IT IS HEREBY ORDERED THAT Respondent's motion to dismiss is GRANTED. Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be undertaken in good faith, and, therefore, Petitioner may not proceed *in forma pauperis*.

---

[1] As Judge Gorenstein notes, when Petitioner finally "did make inquiry by means of a letter to the New York [State] Court of Appeals, he learned of the result within [two weeks]." (Doc. No. 20 at 15.)

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 9, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated: September 21, 2018
         New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE